UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KOTEWA,

               Plaintiff,

v.                                                                    CASE NO. 2:16-cv-12205

UNUM LIFE INSURANCE OF AMERICA,     HON. MARIANNE O. BATTANI

               Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD, DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD, AND AFFIRMING THE DECISION OF THE PLAN ADMINISTRATOR

This matter is before the Court on the parties' cross-motions for judgment on the administrative record. (Docs. 11, 12). Plaintiff William Kotewa filed the instant action for judicial review of Unum Life Insurance of America's ("Unum") administration of his application for long-term disability ("LTD") benefits under an employee benefit plan established pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Kotewa argues that Unum's denial of his claim was improper because several treating physicians found him to be disabled. Unum contends that Kotewa failed to comply with policy language requiring the insured to sign authorizations for the release of medical records. The matter is fully briefed; therefore, the Court finds that oral argument will not aid in the resolution of this matter. See E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, Plaintiff's motion is **DENIED**, Defendants' motion is **GRANTED**, and the decision denying benefits is **AFFIRMED**.

**I.     STATEMENT OF FACTS**

    **A.     Background**

On February 4, 2013, Plaintiff William Kotewa commenced employment as a senior relationship analyst with North American Bancard, LLC.  (Doc. 11, p. 6; Doc. 12, p. 6).  Kotewa participated in an employer-sponsored plan of disability insurance ("the Plan") administered by Unum, which is governed by ERISA.  The effective date of Kotewa's coverage under the Plan was February 4, 2013.  (Doc. 12, p. 6).

The Plan does not cover any disabilities "caused by, contributed to by, or resulting from" a "pre-existing condition," which the Plan defines as any disability that "begins within the first 12 months after [the insured's] effective date of coverage" for which the insured "received medical treatment, consultation, care or services including diagnostic measures, or took prescription drugs or medicines in the 3 months just prior to [the insured's] effective date of coverage."  (A.R. UA-POL-211994-000023-24).  The Plan further states that, in some cases, the insured "will be required to give Unum authorization to obtain additional medical information . . . as part of your proof of claim" and that coverage will be denied "if the appropriate information is not submitted."  (A.R. UA-POL-211994-000007).

    **B.     Kotewa's Claim**

On August 20, 2013, Kotewa presented to Dr. Mohammad Alhyari, MD at Henry Ford Hospital with a history of ulcerative colitis since 1990 and surgery in 1999.  (Doc. 11, p. 6).  In November and December of 2013, Kotewa saw additional medical professionals in connection with perirectal abscesses, anxiety and depression, a laparotomy, and Crohn's disease.  (Id. at 7).  Unum determined that Kotewa's disability

began on December 9, 2013, and that Kotewa's LTD benefits began as of April 5, 2014. (Id. at 7-10; A.R. LWOP-NIL0NL9891618-000091-96). On July 28, 2014, Unum explained that an initial LTD payment was being issued under a reservation of rights, as Unum had "not received all of the information needed to make a decision on [Kotewa's] claim." (A.R. LWOP-NIL0NL9891618-000092). In the same correspondence, Unum informed Kotewa that it "ha[d] not completed the eligibility and pre-existing medical review of [Kotewa's] claim file." (A.R. LWOP-NIL0NL9891618-000093). Kotewa returned to full-time employment on June 16, 2014, and his LTD claim was closed as of that date. (Id.).

In December of 2014, Kotewa again began treatment of his bowel issues. (Doc. 11, p. 11). Unum paid Kotewa short-term disability benefits for the period of September 25, 2014 through December 28, 2014, the maximum 11 weeks under the Plan. (A.R. STD-NIL-NL10474823-000062-63). Kotewa continued treatment throughout 2015, and applied for LTD benefits from Unum. (Doc. 11, pp. 12-14). On March 23, 2015, Unum communicated to Kotewa that the Plan "does not provide benefits for disabilities due to a pre-existing condition." (A.R. UA-CL-LTD-NL9891514-000332-38). In addition, Unum requested copies of Kotewa's medical records from physicians with whom Kotewa treated from November 4, 2012 through February 3, 2012, and requested that Kotewa complete a questionnaire regarding his medical history during that timeframe. (Id.).

On April 13, 2015, Unum wrote to Kotewa, stating that "Dr. [Beth] Manoogian requires a special authorization from you to provide us with the medical information we need to continue our evaluation of your claim. Please complete, sign, and date the

3

enclosed Authorization and send it to the address noted above or fax it to 1-800-447-2498 by May 28, 2015." (A.R. UA-CL-LTD-NL9891514-387-88).

On May 28, 2015, a representative of Unum wrote to Kotewa as a "follow-up" to a phone conversation on the same date. (A.R. UA-CL-LTD-NL9891514-459). By this letter, Unum sent Kotewa another copy of the blank authorization for Dr. Manoogian's records, along with a similar authorization for records from John[s] Hopkins. (Id.). On July 20, 2015, Unum sent Plaintiff another letter requesting that Kotewa "sign and date the enclosed Authorizations." (A.R. UA-CL-LTD-NL9891514-484). On August 7, 2015 Unum again wrote to Plaintiff concerning the requested documents, as follows:

> The providers at John Hopkins [*sic*] (requested from you May 28, 2015), University of Michigan Health System (requested from you, April 13, 2015, May 28, 2015, and July 20, 2015) and Henry Ford Health System (requested from you July 20, 2015) require special authorizations to release information to us. Each of these authorizations is enclosed for your completion. . . . If we do not receive the requested information by September 6, 2015 [Kotewa's] claim will remain closed without further review."

(A.R. UA-CL-LTD-NL9891514-492).

In an undated letter received by Unum on October 7, 2015, Kotewa stated that he was enclosing "another copy of the medical documents [Unum is] requesting." (A.R. UA-CL-LTD-NL9891514-515). Kotewa asserted that "[t]his is the second, third or fourth time I have submitted these documents" and that he was "also enclosing documents previously sent to [Unum]." (Id.). The ensuing pages include unsigned authorizations for Henry Ford Health Systems, Johns Hopkins Hospitals, and the University of Michigan Health System. (A.R. UA-CL-LTD-NL9891514-525-29). Handwritten notes appear at the top of the Henry Ford and Johns Hopkins forms, in which Kotewa (apparently) contends that his "complete medical history from Henry Ford has been

4

requested Sep. 28, 2015 for the third time" and that he had "never been a patient at Johns Hopkins or any of their affiliates." (Id.).

## II. STANDARD OF REVIEW

Motions for judgment on the administrative record in an ERISA action are not akin to motions for summary judgment under Fed. R. Civ. P. 56(a). See Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 618 (6th Cir. 1998) ("This standard of review does not neatly fit under either Rule 52 or Rule 56, but is a specially fashioned rule designed to carry out Congress's intent under ERISA."). Accordingly, a district court reviews an ERISA plan administrator's denial of benefits *de novo* unless the plan grants the administrator discretionary authority to determine eligibility for benefits. Cox v. Standard Ins. Co., 585 F.3d 295, 299 (6th Cir. 2009) (citing Gismondi v. United Techs. Corp., 408 F.3d 295, 298 (6th Cir. 2005)). Unum does not contend that the ERISA plan at issue gives the administrator discretionary authority. Accordingly, Unum's decision to deny benefits will be reviewed *de novo*.

## III. ANALYSIS

The central issue in this matter is whether Kotewa complied with Unum's requests for executed medical authorizations. While Kotewa vigorously argues that he is disabled, his pleadings fail to demonstrate that he adequately responded to Unum's requests for authorizations. Unum requested signed authorizations on several occasions, explaining to Kotewa that the authorizations were necessary to make a determination regarding whether Kotewa's condition was "pre-existing" and that a failure to provide executed authorizations would result in a denial of coverage.

5

Although Kotewa contends that he completed all of the requested authorizations, he cites no such documents in the administrative record.  Instead, Plaintiff refers to a letter in which he claims to be submitting the documentation for the "second, third, or fourth time" and nevertheless encloses unsigned authorizations.  (Doc. 13, p. 4).

Unum cites provisions of the Plan requiring Kotewa to "give Unum authorization to obtain additional medical information . . . as part of your proof of claim."  Moreover, Unum reasonably asserts that Kotewa's medical records from November 4, 2012 through February 3. 2014 are necessary in order to determine whether Kotewa's condition is "pre-existing" as defined by the Plan (i.e., whether Kotewa sought treatment for bowel-related issues within the three months prior to his effective date of coverage).

As Unum clearly communicated to Kotewa, the Plan requires Kotewa to provide authorizations for the release of his medical records.  Under the unambiguous terms of the Plan, Unum was entitled to deny coverage on the basis of Kotewa's failure to do so. Moreover, the Court observes that "Unum never made a benefit determination regarding [Kotewa's] LTD benefits because Plaintiff persistently failed or refused to provide the necessary medical authorization needed to determine whether his disability was from a pre-existing condition."  Consequently, Unum has not "denied" coverage, and its determination to withhold benefit payments is proper under the Plan.

### IV. CONCLUSION

Accordingly, Defendant's motion is **GRANTED**, Plaintiff's motion is **DENIED**, and the decision of the plan administrator is **AFFIRMED**.


**IT IS SO ORDERED.**

Date:   May 19, 2017                          s/Marianne O. Battani
                                                                             MARIANNE O. BATTANI
                                                                             United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 19, 2017.

                                                                                                            <u>s/ Kay Doaks</u>
                                                                                                            Case Manager